# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Pneumat Systems, Inc. | ) | Civil Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Mole-Master Services Corporation and | ) | |
| Alliance Industries, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### COMPLAINT FOR CYBER SQUATTING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, DECEPTIVE TRADE PRACTICES, AND UNJUST ENRICHMENT

For its Complaint, Pneumat Systems, Inc., appearing through the undersigned counsel, allege as follows based on knowledge, information and belief:

### PARTIES

1. Plaintiff Pneumat Systems, Inc. ("Pneumat") is a corporation organized and existing under the laws of the State of Minnesota, with its principal office and place of business located in Mankato, Minnesota.

2. On information and belief, Defendant Mole-Master Services Corporation ("Mole-Master") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in Marietta, Ohio.

3. On information and belief, Defendant Alliance Industries, Inc. ("Alliance") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in Marietta, Ohio.

4. On information and belief, Defendants Mole-Master and Alliance are affiliated companies and share common ownership and control.

5. On information and belief, Rudolf John Lehman is the CEO of Defendant Alliance and the President of Defendant Mole-Master.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to: (i) 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a); (ii) 28 U.S.C. § 1332(a); and (iii) 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## FACTS

8. Since 1980, Pneumat has been a leader in bulk material handling products and services.

9. One of its first products was a machine eventually named the Bin Whip™, which has become the cornerstone of a line of products designed to facilitate the unloading of bulk materials from railcars, trucks, and storage systems.

10. Pneumat has used the BIN WHIP™ mark continuously in interstate commerce since at least February 1, 1990.

11. Pneumat also owns Trademark Registration No. 2,642,592 for BIN WHIP in international class 7. BIN WHIP® identifies Pneumat as a source of "pneumatically powered cleaning machines for cleaning the interior of commercial and industrial storage tanks." ("the Pneumat Mark or Mark")

12. BIN WHIP® is incontestable pursuant to 15 U.S.C. § 1065.

13. In or around June 1989, Defendant Mole-Master inquired about purchasing three Bin Whip systems from Pneumat.

14. Shortly thereafter, Mole-Master accepted delivery of one Bin Whip system, but did not place any further orders for Bin Whip systems.

15. On information and belief, Mole-Master copied the Bin Whip system and/or concept that it bought from Pneumat and began marketing and selling a competing system called the Junior or Junior 360°.

16. Defendant Alliance also obtained the www.binwhip.com domain name ("the Infringing Domain Name").

17. At the time Defendants obtained the Infringing Domain Name, the Pneumat Mark was distinctive and famous in the minds of relevant consumers and the channels of trade for Pneumat's goods and services.

18. On information and belief, Defendant Alliance obtained the binwhip.com domain name from GoDaddy.

19. On information and belief, Defendant Alliance represented and warranted when it obtained the binwhip.com domain name that it had 'all rights, titles and interests in the domain name necessary to complete the transaction and the domain name does not infringe on the intellectual property rights of anyone else.'

20. On information and belief, Defendants obtained the binwhip.com domain name knowing that the use and/or registration of such name would conflict with Pneumat's rights in its Mark and with the intent to use the domain name in a manner that would cause Defendants to benefit improperly from the reputation and goodwill that Pneumat had developed in the Mark.

21. For example, as shown in Exhibit A hereto, a Google search for BIN WHIP shows Pneumat in the first position.

22. A Google search for BINWIP.COM, however, shows Defendant Mole-Master in the first position as shown in Exhibit B.

23. The www.binwhip.com domain name resolves to Defendant Mole-Master's Internet website.

### CLAIM I

#### Violation of 15 U.S.C. §§ 1125(d)

24. Pneumat repeats the allegations above as if fully set forth herein.

25. Pneumat is informed and believes, and thereupon alleges, that Defendants registered and are using the Infringing Domain Name with the bad faith intent to profit from the Pneumat Mark.

26. Pneumat is informed and believes that Defendants' choice of the Infringing Domain Name was not based in any way on Defendants' legal name or any name that was otherwise previously used to identify either Defendant.

27. Defendants' Infringing Domain Name is confusingly similar to and dilutive of the Pneumat Mark.

28. Pueumat is informed and believes that, prior to the registration of the Infringing Domain Name, Defendants never made prior use of the name in connection with a bona fide offering of any goods or services.

29. Unless restrained, the foregoing wrongful act of Defendants will continue to cause irreparable injury to Pneumat, both during the pendency of this action and thereafter. Therefore, this Court should enter orders preliminarily and permanently enjoining Defendants and their agents, employees and others acting in concert with them from directly or indirectly: (i) renewing registration of, using or trafficking in the Infringing Domain Name; (ii) registering, using or trafficking in other Internet domain names that are dilutive of or confusingly similar to the Pneumat Mark; and (iii) requiring Defendants to forfeit and to transfer to Pneumat the

Infringing Domain Name and any and all other domain names that the Court determines to be confusingly similar to or dilutive of the Pneumat Mark.

30. Pneumat is further entitled to recover statutory damages, pursuant to 15 U.S.C. § 1117(c), in the amount of $200,000 per domain name.

## CLAIM II

### Trademark Infringement, 15 U.S.C. § 1114(1)

31. Pneumat repeats the allegations above as if fully set forth herein.

32. The United States Patent and Trademark Office has granted federal trademark registration for the Pneumat Mark. Pneumat owns the exclusive trademark rights and privileges in and to the Pneumat Mark. Pneumat uses its Mark as a designation of source and quality for its goods.

33. Defendants have made and continue to make commercial use in commerce of a copy or colorable imitation of the Pneumat Mark in a manner that is likely to confuse, deceive and/or cause mistake among consumers and therefore infringe Pneumat's rights in its Mark in violation of 15 U.S.C. § 1114(1). Pneumat is informed and believes, and thereupon alleges, that Defendants are using the Infringing Domain Name with full knowledge of Pneumat's rights in its Mark.

34. Pneumat has no adequate remedy at law for Defendants' infringement of its Mark, in that: (i) the Pneumat Mark is a unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Pneumat resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure Pneumat's reputation and goodwill; and (iv) the damage resulting to Pneumat from Defendants' wrongful conduct, and the conduct itself, are continuing, and

Pneumat would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby.

35. Unless restrained, the foregoing wrongful acts of Defendants will continue to cause irreparable injury to Pneumat, both during the pendency of this action and thereafter. Therefore, this Court should enter orders preliminarily and permanently enjoining Defendants and their agents, employees and others acting in concert with them, from directly or indirectly using the Pneumat Mark, or any other names, logos or marks that are confusingly similar to the Mark, including without limitation the Infringing Domain Name.

36. Pneumat is further entitled to recover damages sustained in consequence of Defendants' wrongful conduct, in an amount to be determined; to recover Defendants' profits; and to recover its attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful, deliberate and intentional nature of Defendants' conduct, as well as the extent of the unlawful conduct, Pneumat is further entitled, pursuant to 15 U.S.C. § 1117, to recover triple the amount found as actual damages.

## CLAIM III

### Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

37. Pneumat repeats the allegations above as if fully set forth herein.

38. The acts of Defendants alleged herein are in interstate commerce and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with Pneumat or its commercial activities of the goods, services or commercial activities of Defendants, or as to the sponsorship or approval by Pneumat of Defendants' goods, services or commercial activities. Defendants' actions further misrepresent the nature, characteristics or qualities of Defendants' goods, services or commercial activities.

39. Pneumat has no adequate remedy at law for the foregoing wrongful conduct of Defendants, in that: (i) Defendants' actions damage and threaten to continue to Pneumat's unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Pneumat from Defendants' wrongful actions are not precisely and fully ascertainable; (iii) the wrongful acts of Defendants injure and threaten to continue to injure Pneumat's reputation and goodwill; and (iv) the damages resulting to Pneumat from Defendants' wrongful conduct, and the conduct itself, are continuing, and Pneumat would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

40. Unless restrained, the foregoing wrongful acts of Defendants will continue to cause irreparable injury to Pneumat, both during the pendency of this action and thereafter. Therefore, this Court should enter orders preliminarily and permanently enjoining Defendants and their agents, employees and others acting in concert with them from directly or indirectly: (i) stating or implying that Pneumat is in any way affiliated with Defendants, or approves or endorses Defendants or their products, services or commercial activities; (ii) directly or indirectly using the Pneumat Mark, or any other names, logos or marks that are confusingly similar to the Pneumat Mark: (iii) using any word, term, name or device or any combination thereof that is likely to cause confusion, mistake or deception as to the affiliation, connection or association with Pneumat of Defendants, Defendants' goods, services or commercial activities, or the goods, services or commercial activities of any third party; and (iv) using any word, term, name, device or any combination thereof that is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Pneumat of Defendants' goods, services or commercial activities, or of the goods, services or commercial activities of any third party.

41. Pneumat is further entitled to recover damages sustained in consequence of Defendants' wrongful conduct, in an amount to be determined; to recover Defendants' profits; and to recover its attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful, deliberate and intentional nature of Defendants' conduct, including the extent of the unlawful conduct, Pneumat is further entitled, pursuant to 15 U.S.C. § 1117, to recover triple the amount found as actual damages.

## CLAIM IV

### Trademark Dilution, 15 U.S.C. §§ 1125(c) and 1127

42. Pneumat repeats the allegations above as if fully set forth herein.

43. By virtue of Pneumat's prominent, long and continuous use of the Pneumat Mark in interstate commerce, it has become and continues to be "famous" within the meaning of 15 U.S.C. § 1125(c).

44. Defendants have made and continues to make use in interstate commerce of the Pneumat Mark in a manner that is likely to cause dilution of the distinctive quality of such mark, and lessens the capacity of such mark to identify and distinguish Pneumat's goods and services. Defendants did not begin its use of the Infringing Domain Name until after the Pneumat Mark became famous.

45. Pneumat is entitled to an order from this Court preliminarily and permanently enjoining Defendants and their agents and employees, and others acting in concert with them, from directly or indirectly making any further commercial use of the Pneumat Mark, or any other names, marks or logos that are substantially similar thereto, including the Infringing Domain Name.

46. Because Defendants have willfully intended to cause dilution of the Pneumat Mark, Pneumat is entitled, pursuant to 15 U.S.C. §§ 1117 and 1125(c)(2), to recover all damages

sustained as a result of Defendants' unlawful conduct, including: (i) Defendants' profits; (ii) Pneumat's damages; (iii) Pneumat's costs of suit; and (iv) Pneumat's reasonable attorneys' fees.

## CLAIM V

### Dilution Under Minnesota State Law

47. Pneumat repeats the allegations above as if fully set forth herein.

48. The acts of Defendants complained of herein constitute dilution of the Pneumat Mark and injury to Pneumat's business reputation in violation of the Anti-Dilution Statutes of Minnesota, Minn. Stat. § 333.285.

49. Defendants' actions in Minnesota have caused and will continue to cause Pneumat irreparable harm unless enjoined.

50. Pneumat is entitled to an order from this Court preliminarily and permanently enjoining Defendants and their agents and employees, and others acting in concert with them, from directly or indirectly making any further commercial use of the Pneumat Mark, or any other names, marks or logos that are substantially similar thereto, including the Infringing Domain Name.

51. Because Defendants have willfully intended to cause dilution of the Pneumat Mark, and willfully intended to trade on Pneumat's name and reputation, Pneumat is entitled, pursuant to Minn. Stat. § 333.29, to recover all damages sustained as a result of Defendants' unlawful conduct, including: (i) Defendants' profits; (ii) Pneumat's damages; (iii) Pneumat's costs of suit; and (iv) Pneumat's reasonable attorneys' fees. Based upon the circumstances of the case, including the willful, deliberate and intentional nature of Defendants' conduct, including the extent of the unlawful conduct, Pneumat is further entitled, pursuant to Minn. Stat. § 333.29, to recover triple the amount found as damages.

## CLAIM VI

### Trademark Infringement Under Minnesota Common Law

52. Pneumat repeats the allegations above as if fully set forth herein.

53. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Minnesota. On information and belief, such infringement has been willful.

54. Pneumat has no adequate remedy at law for Defendants' infringement of the Pneumat Mark, in that: (i) the Pneumat Mark is a unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Pneumat resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure Pneumat's reputation and goodwill; and (iv) the damage resulting to Pneumat from Defendants' wrongful conduct, and the conduct itself, are continuing, and Pneumat would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby.

55. Pneumat is entitled to an order from this Court preliminarily and permanently enjoining Defendants and their agents and employees, and others acting in concert with them, from directly or indirectly making any further commercial use of the Pneumat Mark, or any other names, marks or logos that are substantially similar thereto, including the Infringing Domain Name.

56. As a result of Defendants' wrongful and willful conduct, Pneumat is entitled to damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred in connection with this action.

## CLAIM VII

### Deceptive Trade Practices Under The Minnesota Deceptive Trade Practices Act

57. Pneumat repeats the allegations above as if fully set forth herein.

58. The acts of Defendants in Minnesota constitute willful and knowing deceptive trade practices, in violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

59. Unless restrained, the foregoing wrongful acts of Defendants will continue to cause irreparable injury to Pneumat, both during the pendency of this action and thereafter. Therefore, this Court should enter orders preliminarily and permanently enjoining Defendants and their agents, employees and others acting in concert with them, from directly or indirectly using the Pneumat Mark, or any other names, logos or marks that are confusingly similar to the Pneumat Mark, including without limitation the Infringing Domain Name.

60. Pneumat is entitled to an order from this Court preliminarily and permanently enjoining Defendants and their agents and employees, and others acting in concert with them, from directly or indirectly making any further commercial use of the Pneumat Mark, or any other names, marks or logos that are substantially similar thereto, including the Infringing Domain Name.

61. As a result of Defendants' wrongful and willful conduct, Pneumat is entitled to damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred in connection with this action.

## CLAIM VIII

### Unjust Enrichment

62. Pneumat repeats the allegations above as if fully set forth herein.

63. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Pneumat's expense.

## PRAYER

WHEREFORE, Pneumat Systems, Inc. prays for relief as follows:

1. For preliminary and permanent injunctive relief as hereinabove described;

2. For damages according to proof and that said damages be trebled where permissible;

3. For an accounting of Defendants' profits resulting from their activities complained of herein, and that such profits be paid to Pneumat, increased as the court finds to be just under the circumstances of this case;

4. For attorneys' fees, costs of the suit herein, and enhanced or statutory damages as provided by law;

5. For an award of prejudgment and post-judgment interest on all sums awarded; and

6. For such other, further or different relief as the Court may deem appropriate.

Date: October 5, 2015

**SAPIENTIA LAW GROUP PLLC**

By: _____

Jeffrey C. Brown (#256948)
jeffb@sapientialaw.com
120 South 6th Street, Suite 100
Minneapolis, MN 55402
Telephone: (612) 756-7100
Facsimile: (612) 756-7101

**ATTORNEYS FOR PLAINTIFF PNEUMAT SYSTEMS, INC.**